**ORIGINAL**



AUG 29 2003

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | **1:03-CV-2602** |
| BOCA CHICA, INC., d/b/a LOCA LUNA RESTAURANT | : | **-JTC** |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 to compel Defendant to comply with a Mediation Settlement Agreement, achieved through the Equal Employment Opportunity Commission's mediation process, in resolution of a sexual harassment and retaliation charge of discrimination filed with the Equal Employment Opportunity Commission by Natalie Zangara, and to provide appropriate relief to Ms. Zangara. The Equal Employment Opportunity Commission, Ms. Zangara and the Defendant entered into a Mediation Settlement Agreement on June 26, 2003, which provided, among other things, that Defendant

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC ✓

SMT

pay Ms. Zangara $50,000.00 and provide her with a neutral employment reference. Defendant now refuses to comply with the terms of the Mediation Settlement Agreement.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Georgia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Boca Chica, Inc., d/b/a Loca Luna Restaurant ("Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. The Commission contacted and communicated with Defendant on multiple occasions and attempted to resolve this matter informally, without filing the instant lawsuit, but such efforts were unsuccessful.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Ms. Zangara filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On June 26, 2003, the Commission, Natalie Zangara, and Defendant executed a Mediation Settlement Agreement through the Commission's mediation process. A copy of that agreement is attached to this Complaint as Exhibit A. The terms of the Mediation Settlement Agreement provide, among other things, that

Defendant pay Ms. Zangara $50,000 and provide her with a neutral employment reference, and that Defendant and Ms. Zangara execute a General Release. Defendant has failed and refused to comply with the terms of the Mediation Settlement Agreement.

9. The Commission executed the Mediation Settlement Agreement in exchange for, among other things, the Commission agreeing to terminate the investigation of Ms. Zangara's charge of discrimination and to not use this charge as a jurisdictional basis for a civil action based on the allegations contained in that charge. However, the Mediation Settlement Agreement expressly provides that the Commission is authorized to specifically enforce the Mediation Settlement Agreement in court.

10. The effect of the unlawful practices complained of in paragraph 8, above, has been to deprive Ms. Zangara and the Commission of the benefits of the above-referenced Mediation Settlement Agreement.

11. The unlawful practices complained of in paragraph 8, above, were intentional.

12. The unlawful practices complained of in paragraph 8, above, were done with malice and reckless indifference to the federally protected rights of Ms.

Zangara.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a judgment ordering Defendant to pay Ms. Zangara $50,000 and provide her with a neutral reference, and ordering Defendant to otherwise comply with the terms of the Mediation Settlement Agreement and to pay Ms. Zangara prejudgment interest and her legal fees and costs associated with the collection of the amount due and owing.

B. Compel Defendant's specific performance of the Mediation Settlement Agreement entered into by the Commission, Ms. Zangara, and Defendant.

C. Order Defendant to make whole Ms. Zangara by providing compensation for past and future pecuniary losses resulting from Defendant's breach of the Mediation Settlement Agreement as described in paragraph, 8 above.

D. Order Defendant to pay punitive damages for its intentional, malicious and/or reckless conduct described in paragraph 8, above.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Eric Dreiband
General Counsel

S. Robert Royal
Georgia Bar No. 617505
Regional Attorney
Steven M. Tapper
Georgia Bar No.698018
Senior Trial Attorney
U. S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6820
Facsimile: (404) 562-6905



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
(404) 562-6800
TTY (404) 562-6801
FAX (404) 562-6909/6910

# MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: 110-2003-30638C

CHARGING PARTY: Natalie Zangara

RESPONDENT:      Loca Luna Restaurant

1. In exchange for the promises made by The Loca Luna Restaurant, pursuant to Charge Number 110-2003-30638C, Natalie Zangara agrees not to institute a law suit under Title VII of the Civil Rights Act of 1964, as amended, based on EEOC Charge Number 110-2003-30638C

2. Further we agree that submission of this agreement to EEOC will constitute a request for closure of EEOC Charge Number 110-2003-30638C.

3. It is understood that this agreement does not constitute an admission by Respondent of any violation of the Title VII of the Civil Rights Act of 1964, as amended.

4. Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the ADA, the ADEA or Title VII, as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

5. This document constitutes a final and complete statement of the agreement between the Charging Party, Respondent and EEOC.

6. The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

Exhibit A

Page 2.
Mediation Agreement
Charge 110-2003-30638C

7. As evidence of a good faith effort to resolve EEOC Charge Number 110-2003-30638C, Respondent offers and Charging Party accepts the following proposal of settlement:

*A.* *Respondent agrees to pay the Charging Party Fifty Thousand Dollars ($50,000.00). Respondent agrees to pay a lump sum payment of Twenty Five Thousand Dollars ($25,000.00) and a second payment of Twenty Five Thousand Dollars ($25,000.00) over a twelve month period in equal monthly installments of $2083.33, less any applicable payroll deductions as set forth in the separate General Release. The first payment will began on August 1, 2003 and the final payment will end on July 1, 2004. This is full and final settlement of the instant charge*

*B.* *That Respondent agrees that any time an employer and/or prospective employer of the Charging Party seeks an evaluation or reference, Respondent will provide Charging Party's dates of employment and last position held as set forth in the separate General Release.*

**It is understood that the Charging Party and Respondent have agreed to execute a separate General Release to which the EEOC is not a signatory, and that the relief specified in paragraph 7 will be paid contingent upon execution of said General Release. The separate General Release is incorporated herein by reference.**

_____   6/26/03
Respondent                          Date

_____   6/26/03
Charging Party                     Date

In reliance on the promises made in paragraphs One through Seven above, EEOC agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action under Title VII of the Civil Rights Act of 1964, as amended. EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On Behalf of the Commission:

_____   6/26/03
Bernice Williams-Kimbrough         Date
District Director

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B, NDGa

Plaintiff hereby certifies that, pursuant to LR 5.1B, NDGa, this pleading was prepared with 14 point Times New Roman font.

Respectfully submitted,

_____
S. Robert Royal
Georgia Bar No. 617505
Regional Attorney
U. S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6820
Facsimile: (404) 562-6905